IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 23-cr-146 |
| | : | |
| v. | : | |
| | : | |
| BRIAN DIPIPPA, | : | |
| | : | HONORABLE JUDGE |
| DEFENDANT. | : | J. NICHOLAS RANJAN |

AMENDMENT/SUPPLEMENT TO
DEFENDANT'S SENTENCING MEMORANDUM

AND NOW, comes Brian DiPippa by and through his counsel, Michael J. DeRiso, and the DeRiso Law Group who file on his behalf the following Amendment/Supplement to his previously filed sentencing memorandum.[1] Defendant and the Government have stipulated under Rule 11(c)(1)(C) plea agreement to the sentence which should be imposed.

Counsel respectfully requests that the Court accept that agreement and impose the agreed upon sentence.

AMENDMENT

In the filing at ECF 137, counsel requested that the term of supervised release be 18 months, however, that is contrary to the agreed upon term of supervised release under the Rule 11(c)(1)(C) plea agreement in which the parties agreed that the appropriate term of supervised release be 36 months. Accordingly, counsel respectfully requests that the Court permit amendment of the filing at ECF 137 to reflect the agreed upon term of 36 months of supervised release.

---

[1] ECF 137

SUPPLEMENT

In addition to the limited Information set forth in the History/Characteristics of the Defendant set forth in the 3553(a) Factors in ECF 137, the Court is respectfully requested to consider the following supplemental information when determining whether or not to accept the Rule 11(c)(1)(C) plea negotiated between the parties.

Since the time of his incarceration at the Butler County Prison, Mr. DiPippa has been employed as a kitchen worker and Porter (block cleaner). He has taken all available classes and received certificates of completion in both anger management and parenting classes. He has earned housing on the "honor block." He self-organized men's emotional support groups, acted as a mediator to conflicts within the Butler County Jail, introducing de-escalation and resolution frameworks, supporting nurturance and restorative justice. He has held monthly poetry readings. He fostered ad-hoc legal collectives encouraging peer support and collective discussion to facilitate understanding of the law. He submitted poetry to an outside incarceration support group which was published. He mentored youth and other vulnerable populations aiming those parties towards schools and trades in an effort to build life skills.

The above acts by the defendant relate to the sentencing factors at 3553(a)(1) (relating to the history and characteristics of the defendant) and 3553(a)(2)(D) (to provide defendant with needed educational/vocational training).

Further, for several years prior to incarceration, Mr. DiPippa lived a non-violent Buddhist lifestyle - valuing life and service to others. He has been a vegan[2] for the past 24 years. Mr.

---

[2] A vegan lifestyle is, *inter alia*, a philosophy and way of life that involves diet, avoiding animal products and rejecting animal exploitation.

DiPippa established and maintained many community ties including in local, professional, neighborhood and public service activist spaces. He has served on two nonprofit boards, the San Francisco Metropolitan Internet Exchange,[3] and the Oakland Center for Ethical Livelihoods.[4] His entire work history is with nonprofits in service of others. His lack of criminal history reflects those values.

CONCLUSION.

It is acknowledged that Mr. DiPippa committed a serious crime. At the time of his sentencing he will have been detained in the Butler County Jail some 18 months and 7 days without incident - demonstrating his commitment to service to others and transitioning toward post sentence release. A sentence of 60 months, imposition of the special assessment of $200, no fine, restitution and 36 months of supervised release is a sentence that reflects the seriousness of his crime. Accordingly, counsel respectfully requests that the Court accept the Rule 11(c)(1)(C) plea agreement and impose a sentence as requested above - which would be sufficient but not greater than necessary to achieve the goals of sentencing.

                                           Respectfully submitted,

                                           /s/ Michael J. DeRiso

                                           _____
                                           MICHAEL J. DeRISO, ESQUIRE
                                           Pa. Supreme Court Id. No. 076555

December 30, 2024

---

[3] SFMIX. The San Francisco Metropolitan Internet Exchange project, is registered with the IRS as a 501(c)12 cooperative and is based within the San Francisco "Silicon Valley" region of California. Internet Exchanges (IXs) serve as a focal point of bandwidth or network capacity. Participating entities interconnect or "peer" with one another to improve network performance, increase resiliency, and reduce operational costs.

[4] OAKCEL is a 501(c)(3) organization comprised of a small network of educators and cultural workers who are connected in local public education and efforts in organizing for ecological and economic sustainability. It provides resources, guidance, and opportunities that allow young adults to focus on and move toward attainment of meaningful, ethical livelihood.

THE DERISO LAW GROUP
Law & Finance Building, Suite 2100
429 Fourth Avenue,
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Fax:     412.281.1821
Email:  deriso_esq2@msn.com
*Counsel to Defendant Brian DiPippa*